(158 App. Div. 584.)

### WALZ v. HUMRICH.

(Supreme Court, Appellate Division, Second Department. October 10, 1913.)

1. APPEAL AND ERROR (§ 460*)—STAY OF EXECUTION.

    Code Civ. Proc. § 1330, providing that an appeal taken from a judgment directing execution of an instrument does not stay the execution of a judgment until the instrument is executed, and deposited with the clerk,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

does not apply to stay execution until an appeal has been perfected, and hence would not apply where no undertaking to pay costs and disbursements was given, as required by Code Civ. Proc. § 1326.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2217–2226, 2245, 2246; Dec. Dig. § 460.*]

2. CONTEMPT (§ 22*)—PROCEEDINGS—PURPOSE OF REMEDY.

Where appellant did not perfect his appeal from a judgment directing him to execute a mortgage to appellee by giving an undertaking for costs, as required by Code Civ. Proc. § 1326, appellee's only remedy for appellant's failure to comply with the judgment is a motion to punish for contempt for failure to do so.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. § 67; Dec. Dig. § 22.*]

Appeal from Special Term, Queens County.

Action by Joseph Walz against Magdalena Humrich. From an order denying a motion to punish defendant for contempt in failing to deliver a mortgage to plaintiff as directed by a judgment, plaintiff appeals. Order reversed, and motion granted, unless defendant file security as required.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Nicholas Dietz, of Brooklyn, for appellant.

John M. O'Neill, of Brooklyn, for respondent.

CARR, J. The plaintiff obtained a final judgment against the defendant which directed her to execute and deliver to the plaintiff a mortgage on certain real estate in the sum of $2,000, and which likewise awarded against the defendant the taxable costs in the action. The defendant has appealed to this court. She then deposited with the county clerk of Queens county, to await the determination of said appeal, a mortgage in accordance with the directions of the final judgment in this action. The plaintiff thereupon moved to punish her for contempt in failing to deliver said bond and mortgage to him as directed by the final judgment. This motion was denied, and, from the order denying the same, the plaintiff appeals to this court.

[1] The sole question involved is whether or not the defendant, by depositing the mortgage in question with the county clerk of Queens county, thereby stayed the execution of the judgment, pending the determination of the appeal. The defendant does not contend that the money part of said judgment was stayed by the deposit of the mortgage; but she insists that, as execution might issue against her for that portion of the judgment, a proceeding to punish her for contempt in not discharging the money obligation of the judgment is improper. That much may be conceded. However, unless the judgment directing the execution and delivery of the mortgage was stayed pending the appeal, there is no other way in which the plaintiff could enforce the final judgment without resorting to proceedings to punish for contempt. The defendant has obtained no order of court granting a stay of the execution of the judgment, hence her rights in the premises are to be determined exclusively by the provisions of section

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

1352 of the Code of Civil Procedure, which relates to appeals to this court. By that section, a judgment may be stayed by an appellant without an order of the court, where the appellant gives the security required to perfect an appeal to the Court of Appeals from a similar judgment. Here the defendant has not given the security which would be required to perfect an appeal to the Court of Appeals.

She contends, however, that under section 1330 of the Code the deposit by her of the mortgage in question with the clerk of this court was sufficient to stay the execution of that part of the judgment which required the execution and delivery of mortgage to the plaintiff. Section 1330 provides as follows:

"If the appeal is taken from a judgment or order, directing the execution of a conveyance, or other instrument, it does not stay the execution of the judgment or order, until the instrument is executed, and deposited with the clerk, with whom the judgment or order is entered, to abide the direction of the appellate court."

This action, however, refers to a case in which an appeal has been perfected. Unless there is a perfected appeal, there can be no stay. An appeal, however, to the Court of Appeals is not perfected until the requirements set forth in section 1326 of the Code are fulfilled, which requires that ordinarily an appellant must give a written undertaking to the effect that he will pay all costs and disbursements which may be awarded against him on the appeal, not exceeding $500. This the defendant has not done, and she is in no position to avail herself of the provisions of section 1330, which refer, as above stated, to a perfected appeal. Waring v. Ayres, 12 Abb. Prac. 112.

[2] The order denying the motion to punish the defendant for contempt in failing to obey the final judgment must be reversed, as otherwise the plaintiff is left remediless under the existing situation. Inasmuch as the appellant seems to have proceeded in good faith through a mistaken interpretation of sections 1352 and 1330 of the Code as aforesaid, he should be given a reasonable opportunity to comply with the requirements of section 1326.

Order reversed, with $10 costs and disbursements, and motion to punish the defendant for contempt is granted, with $10 costs, unless the defendant within 20 days complies with the final judgment or files the security required by section 1326 of the Code of Civil Procedure, and pay the costs and disbursements of this appeal. All concur, except RICH, J., not voting.